GEORGE H. McCARTY, Respondent, v. F. GUY CONSTABLE, Appellant.

Third Department, July 1, 1927.

Contracts — construction — action to restrain defendant from engaging in electrical business in Sidney — plaintiff purchased defendant's business in Sidney under covenant that defendant would not engage in said business therein — defendant later set up business in village five miles distant — sales at defendant's store to residents of Sidney, unsolicited, not violation — installing electrical apparatus in Sidney, under contract, constitutes violation — injunction modified.

The plaintiff seeks to restrain the defendant from violating a covenant not to engage in the electrical business in the village of Sidney, N. Y., which covenant was a part of a contract for the sale of defendant's business to the plaintiff. It appears that the plaintiff has re-entered the electrical business in the village of Unadilla, which is about five miles distant from Sidney; that he has sold some electrical supplies to residents of Sidney, without soliciting the orders; that he has performed contract work within the village of Sidney for people who sought him. The sale of electrical supplies in defendant's store at Unadilla, even though the supplies were delivered in Sidney, did not constitute a violation of the covenant, but the fulfillment of several contracts for electrical work within the village of Sidney constituted a violation of the covenant.

The judgment of the court is modified by limiting the injunction to the words of the contract, with the addition that it is not intended to include sales in the said business or its appurtenances by defendant at his store in Unadilla to residents of Sidney who come there to trade without solicitation.

APPEAL by the defendant, F. Guy Constable, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Delaware on the 10th day of August, 1926, upon the decision of the court rendered after a trial at the Chenango Special Term.

*Arthur F. Curtis*, for the appellant.

*H. C. Stratton*, for the respondent.

WHITMYER, J. On July 9, 1921, defendant sold to plaintiff his electrical business, as then conducted by him in Sidney, including all stock, materials and fixtures, at the cost thereof, to be determined by inventory. In addition, he sold and plaintiff purchased the good will of the business for the sum of $500, and defendant, in consideration thereof, agreed " not to engage in the electrical business or appurtenances thereto, or to be interested directly or indirectly for himself or anyone else in such business in the Village of Sidney." The price paid was $8,252.92. That included the price of the good will. In 1924 defendant became engaged in the electrical business in the village of Unadilla, about five miles from

Sidney. Thereafter and in the same year he sold an electric washing machine at his store in Unadilla to one May Merchant, of Sidney, for the sum of $150, and delivered the machine to her at her residence. He did not solicit the business. She had always dealt with plaintiff after he succeeded defendant, and tried to buy a machine of the kind she wanted at this time, but plaintiff did not have the kind and did not offer to procure one. It does not appear that defendant knew this. In the fall and winter of 1925–1926 defendant sold and delivered to the Loyal Order of Moose, of Sidney, the equipment necessary for lighting the lodge rooms of the order and did the work of installation, for the sum of $300, under a contract made in Unadilla. He did not solicit the business. The officer of the lodge who let the contract testified that, before letting it, he asked plaintiff's son if he would do the job and that the son replied that they were "full of business for some time ahead." Plaintiff's son admits that the officer came to him and asked him if they were busy and that he replied that they were, but testified that practically nothing more was said. Then, before letting it, the officer of the lodge tried to make a contract for the work with one Armondi, another electrical contractor of Sidney, but he did not come as agreed to see what was desired. It does not appear that defendant knew these facts. In 1926 defendant furnished the materials and did the work of wiring for the service station of the Standard Oil Company, in Sidney, for the sum of $250, under a contract made in Unadilla and not solicited. As to this, plaintiff's son testified that the contractor who let it told him, before the letting, that he would give him a chance on it, but that he did not. In June, 1926, after the commencement of the action, defendant sold and delivered the materials for and did the work of wiring the house of his family physician in Sidney, under a contract made in Unadilla and not solicited. Plaintiff's son testified that he asked for the job, but the doctor, while admitting that both father and son spoke to him about it, testified that they did not ask him to let them have it and that he did not say that they might have it. That contract had not been finished at the time of the trial and the price does not appear. Defendant did not produce any evidence. The injunction restrains defendant, his agents, servants and employees, from selling or delivering any electrical supplies or equipment to, or installing same for, any resident, citizen, inhabitant, person or croporation or any person who, at the time, may be residing within the corporate limits of the village, and from engaging in the electrical business or any part thereof, directly or indirectly, within such limits. It is broad enough to prevent defendant from doing business, which plaintiff refuses, from selling and delivering

electrical goods at his store in Unadilla to persons living in Sidney, and from selling and delivering such goods at his store to persons only temporarily in Sidney. To avoid possible consequences, he is required to ascertain the residence of a customer in advance of a sale. The same burden rests upon his clerks. His covenant was " not to engage in the electrical business or appurtenances thereto, or to be interested directly or indirectly for himself or anyone else in such business in the village." Whether or not he has violated his covenant by engaging in business is the question here. A covenant of this kind should be reasonably construed " in the light of the circumstances under which it was made and of the evident intent and object of its execution." (*Greenfield* v. *Gilman*, 140 N. Y. 168, 173.) The business was located in a village of about 2,700 people and was not likely to be extensive. In buying, plaintiff desired to dispose of defendant as a future competitor. He paid him $500 for his good will, not a large amount, it is true, but satisfactory, apparently, to defendant. And defendant on his part made the covenant without a time limit. For three years he did not engage in that business. In 1924 he started in Unadilla, a small village, about five miles away. So far as appears, he violated his covenant, at least three times thereafter. It is not a case of only one violation. (*Greenfield* v. *Gilman*, 140 N. Y. 168, 174; *Broadbooks* v. *Tolles*, 114 App. Div. 646, 649.) And his acts constituted violations, notwithstanding that there was no solicitation on his part. His covenant was absolute and was one not to engage in the electrical business or its appurtenances in the village of Sidney, but he did the work, under his contracts, in Sidney. Thus he violated his covenant. (*Sander* v. *Hoffman*, 64 N. Y. 248, 252.) The sale of the washing machine at his place of business in Unadilla was not a violation and its incidental delivery in Sidney may be excused. And the taking of the Moose lodge contract might have been excused, if it had appeared that he did not take it until after he had learned that plaintiff could not undertake it, because of excess of work. As the matter stood, there was no justification. In addition, the fact that he took the last contract after the action was commenced indicates that he intended to ignore his covenant. The judgment was and is proper so far as it restrains defendant from engaging in the electrical business or its appurtenances in the village of Sidney. But there is nothing to indicate that the parties intended that defendant should not ever engage in the same business at some other place, if he desired, and should not be permitted to sell and deliver at his store to persons, although residents of or temporarily in Sidney, without any solicitation on his part. Business, so conducted, would not

be a violation. The present situation will be covered by limiting the injunction to the words of the contract, with the addition that it is not intended to include sales in the said business or its appurtenances by defendant at his store in Unadilla to residents of Sidney who come there to trade without solicitation.

The judgment should be modified accordingly and affirmed as so modified.

Cochrane, P. J., Hinman, McCann and Davis, JJ., concur.

Judgment modified to provide that defendant is " not to engage in the electrical business or appurtenances thereto or to be interested directly or indirectly for himself or anyone else in such business in the village of Sidney," but that it is not intended to include sales in the said business, or its appurtenances, by defendant at his store in Unadilla to residents of Sidney who come there to trade without solicitation.